UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LONNIE FRAZIER JR**      **CASE NO.  3:21-CV-00435**

**VERSUS**      **JUDGE TERRY A. DOUGHTY**

**LOUISIANA STATE POLICE ET AL**      **MAG. JUDGE KAYLA D. MCCLUSKY**

**REPORT AND RECOMMENDATION**

Before the Court is a motion to dismiss. The State of Louisiana, Office of the State Police, and State Police Troop F move to dismiss for lack of jurisdiction based on Eleventh Amendment immunity. [doc. # 3]. Defendant Rickey K. Swift filed a memorandum in support of the motion to dismiss and further moved to dismiss for failure to state a claim. [doc. # 6]. For the following reasons, it is recommended that the motions to dismiss be GRANTED.

**Background**

Plaintiff filed this lawsuit on February 22, 2021. [doc. # 1]. Therein he alleges generally violations of his federal civil rights by the State of Louisiana, Office of the State Police, and State Police Troop F, and generally alleges state law claims against attorney[1] Rickey K. Swift in connection with Plaintiff's arrest as a murder suspect. [doc. # 1]. On March 24, 2021, the State of Louisiana, Office of the State Police, and State Police Troop F moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction based on Eleventh Amendment immunity. [doc. # 3]. On April 12, 2021, Rickey K. Swift filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), stylized as a memorandum in support of the State's

---

[1] As explained more fully below, the Louisiana State Bar Association (LSBA) Membership Directory indicates that Mr. Swift is a public defender in Caddo Parish.

motion to dismiss for lack of jurisdiction. [doc. # 6]. Plaintiff did not file any response. Accordingly, this matter is ripe.

## Law and Analysis

Federal courts are courts of limited jurisdiction and must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. *Sawyer v. Wright*, 471 Fed. App'x 260, 261 (5th Cir. 2012). The party seeking relief bears the burden of establishing subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(internal citations omitted); *United States v. Hays*, 515 U.S. 737, 743 (1995). Accordingly, Plaintiff bears the burden of proof that jurisdiction does in fact exist. *Menchacha v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. In determining subject matter jurisdiction, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

In examining a Rule 12(b)(1) motion, the district court may consider disputed matters of fact. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Here, Plaintiff's complaint is nearly incomprehensible; he makes no reference to a constitutional violation or to any specific federal law. *See Clark v. Green*, 814 F.2d 221, 222–23

(5th Cir. 1987) (affirming dismissal where the court was "not able even to identify the constitutional right claimed to be infringed") Rather, Plaintiff makes several unclear state law allegations and generally claims that his federal civil rights were violated in connection with his arrest as a murder suspect and his associated time in jail while he awaited the resolution of the charges. [doc. # 1].

1. **Sovereign Immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Although, by its express terms, the Amendment "bar[s] only federal jurisdiction over suits brought against one State by citizens of another State or foreign state," the Supreme Court has long held that it also precludes jurisdiction where, as here, a citizen brings suit against her own state in federal court. *See Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997) (citing *Hans v. Louisiana,* 134 U.S. 1 (1890)). The core function of the Eleventh Amendment is to bar the authority of federal courts to litigate suits brought by citizens against the states. *Pace v. Bogalusa City School Board*, 403 F.3d 272, 276 (5th Cir. 2005)(en banc).

The Eleventh Amendment bars suit against a State unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity or the State has waived its immunity. *Id.* (citing *Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472–473 (1987) (plurality)). "The bar applies not only to the state itself, but also protects state actors in their official capacities." *Fox v. Mississippi*, 551 Fed. App'x 772, 775 (5th

Cir. 2014) (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)). The Office of the State Police and State Police Troop F are agencies of the State of Louisiana. *See id.*

Here, no waiver of Eleventh Amendment immunity by the State or overriding exercise of power by Congress has occurred. Accordingly, Plaintiff's claims against the State of Louisiana, Office of the State Police, and State Police Troop F should be dismissed without prejudice for lack of subject matter jurisdiction since these entities are protected by Eleventh Amendment immunity from suit in federal court.

2. **Claims against Rickey K. Swift**

Plaintiff also asserts claims against his former attorney, Mr. Swift. While Plaintiff's claims are not clear, the undersigned has considered whether he has factually alleged federal or state claims.

First, Plaintiff does not cite specific federal statutes, but, to the extent that Plaintiff has attempted to assert a federal claim against Mr. Swift for violation of his federal civil rights, he has failed to state a claim.

The most common cause of action for violation of civil rights brought by people who claim to have been wrongly arrested and or detained, as Plaintiff alleges, are actions under 42 U.S.C. § 1983. Based on Plaintiff's characterization of Mr. Swift as an attorney in his petition and the designation of "Attorney" on the envelope Mr. Swift himself mailed to the Court, the Court performed a search of Mr. Swift's name in the publicly available LSBA Membership Directory. According to the information in the LSBA Membership Directory, the Court hereby takes judicial notice of the fact that Mr. Swift is a public defender in Caddo Parish for the First

4

Judicial District. *See* FED. R. EV. 201(b); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)("a court may take judicial notice of an 'adjudicative fact' if the fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned'"); P*enthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07CV568-HSO-RHW, 2011 WL 6699447, at *8 (S.D. Miss. Dec. 21, 2011) (taking judicial notice of facts found in the Mississippi Bar Association Attorney Directory indicating that an attorney was admitted to practice law in Mississippi in September 1990).

The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). On the other hand, the Supreme Court has also held "that public defenders have no immunity from § 1983 liability for intentional misconduct" including alleged conspiratorial action with state officials to deprive a client of his rights by securing his conviction. *Tower v. Glover*, 467 U.S. 914, 921 (1984).

Here, Mr. Swift is a public defender. However, Plaintiff has not alleged that Mr. Swift engaged in any intentional misconduct that would form the basis of liability under section 1983, or that Mr. Swift somehow helped secure a conviction against Plaintiff. Indeed, Plaintiff states that the charges against him were dismissed, [doc. # 1, p. 2, para. 6], implying that the public defender successfully defended him. Under these circumstances, Mr. Swift acted in his traditional function as an attorney and not under color of state law. No § 1983 liability lies in

this case. Accordingly, the undersigned recommends that Plaintiff's federal claims against Mr. Swift be dismissed without prejudice.

Second, Plaintiff claims that Mr. Swift is liable to him for fraud and unauthorized use of a movable but provides no factual information regarding these claims. [doc. # 1]. These are state law claims, and, therefore, the Court would either have to exercise supplemental jurisdiction over them under 28 U.S.C. § 1367 or would have to find diversity jurisdiction under 28 U.S.C. § 1332(a). Given the undersigned's conclusions with regard to the potential federal claims, the status of this case, and Plaintiff's failure to support the claims with factual allegations, it is recommended that the district court decline to exercise supplemental jurisdiction over any state law claims.

Further, Plaintiff has failed to properly allege diversity jurisdiction. Diversity jurisdiction depends on citizenship, and "citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, (5th Cir. 1986); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). Courts must strictly adhere to this rule. *Getty Oil*, 841 F.2d at 1259. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); FED. R. CIV. P. 12(h)(3).

Here, Plaintiff does not adequately allege the citizenship of Mr. Swift nor of himself. [doc. # 1]. Accordingly, Plaintiff has failed to state a separate jurisdictional basis to support these claims, and they should be dismissed without prejudice.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Defendants' motion [doc. # 3] be GRANTED and Plaintiff's claims against the State of Louisiana, Office of the State Police, and State Police Troop F be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

IT IS FURTHER RECOMMENDED that Mr. Swift's motion to dismiss for failure to state a claim [doc. # 6] be GRANTED and all federal claims against Rickey K. Swift be DISMISSED WITHOUT PREJUDICE for failure to state a claim. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that the district court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Mr. Swift and that they also be DISMISSED WITHOUT PREJUDICE.

THUS DONE in Chambers on this 12th day of May, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE